OPINION *Page 2 
{¶ 1} Appellant Jamie Donnelly appeals from his conviction and sentence in the Licking County Court of Common Pleas on one count of Possession of Drugs in violations of R.C. 2925.11 and one count of Possession of Drug Paraphernalia, a misdemeanor violation of R.C.2925.14. Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} The facts underlying the charges are not of consequence to this appeal, which involves issues of law.
 {¶ 3} Appellant initially entered pleas of Not Guilty to the charges contained in the indictment. On February 1, 2007, appellant appeared before the trial court for purposes of proceeding to a jury trial. At that time, appellant, through his trial counsel, moved the court to continue the trial. It was the position of trial counsel that venire of potential jurors would be tainted by a proceeding trial that resolved with a Guilty verdict the night before with trial counsel being attorney of record in those proceedings. [T. at 7-8.] The trial court was not inclined to grant the continuance, stating that the pool of potential jurors could be so arranged as to move the jurors that sat in the previous case to the end of the list, reducing the possibility that jurors involved the proceeding case would serve in the instant matter. [T. at 12-13.] *Page 3 
 {¶ 4} In light of the trial court's ruling, appellant entered a No Contest plea to the charges for the express purpose of appealing the trial court's decision. [T. at 14-15, 23, 27.]
 {¶ 5} Appellant was then sentenced to six months imprisonment on the felony charge and thirty days in jail on the misdemeanor, the sentences to be served concurrently with one another.
 {¶ 6} Appellant raises one assignment of error:
 {¶ 7} "I. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL DUE TO THE FAILURE OF COUNSEL BELOW TO PRESERVE POTENTIAL ERRORS FOR PURPOSES OF APPEAL."
 I. {¶ 8} In his sole assignment of error appellant maintains he received ineffective assistance of appellate counsel because trial counsel failed to preserve the error of juror bias by advising appellant to enter a plea rather than attempting to seat a jury. We disagree.
 {¶ 9} The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
 {¶ 10} First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. If we find *Page 4 
ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudice by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. We apply the Strickland test to all claims of ineffective assistance of counsel, either trial counsel, or appellate counsel.State v. Godfrey (Sept. 2, 1999), 5th Dist. No. 97CA0115.
 {¶ 11} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quotingStrickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 12} In the case at bar, appellant requested a continuance on the day of trial. The grant or denial of a continuance rests in the trial court's sound discretion. State v. Unger (1981), 67 Ohio St.2d 65. Appellant has not raised in this appeal the trial court's denial of his motion to continue the trial as error. As the State aptly notes, the appellant had the ability to appeal the denial of his motion to continue the trial. However, in order to find an abuse of discretion in the trial court's denial of a motion to continue, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Appellant apparently argues that without the voir dire of the potential jurors his ability to demonstrate an abuse of discretion has been emasculated. *Page 5 
 {¶ 13} We find, however, that any claim of prejudice is far too speculative to demonstrate that the outcome of the proceedings would have been different. The trial court indicated its willingness to rearrange the potential pool of jurors to limit any possible taint. The appellant further had the benefit of preemptory and "for cause" challenges to remove potentially biased jurors. Appellant cannot demonstrate that these measures would not have been sufficient to ensure an unbiased jury.
 {¶ 14} The conduct raised by appellant does not rise to the level of prejudicial error necessary to find that he was deprived of a fair trial. Having reviewed the record that appellant cites in support of his claim that he was denied effective assistance of counsel, we find appellant was not prejudiced by defense counsel's representation of him. The results of the proceedings were not unreliable nor were the proceedings fundamentally unfair because of the performance of defense counsel.
 {¶ 15} Appellant's sole assignment of error is overruled.
 {¶ 16} The judgment of the Court of Common Pleas for Licking County, Ohio is affirmed.
Gwin, P.J., Wise, J., and Delaney, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas for Licking County, Ohio is affirmed. Costs to appellant. *Page 1